15464

TRUSTEES OF WOFFORD COLLEGE v. CITY OF SPARTANBURG *ET AL.*

(23 S. E. (2d), 9)

316

318

322

330

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, Counsel for Appellant,

*Messrs. Johnson & Johnson,* of Spartanburg, Counsel for Respondents,

November 11, 1942.

PER CURIAM:

After due considèration, we are of the opinion that the Honorable E. H. Henderson, who heard this case on Circuit, has reached the proper conclusions and decision of the issues involved. This Court is satisfied with his well considered decree, which it adopts as the opinion of the Court, and which will be reported.

This opinion is written *per curiam* in accord with a recently adopted rule pertaining to cases in which this Court

unanimously adopts as its opinion the decree of the trial Judge.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE, and STUKES concur.

December 8, 1942.

On Petition for Rehearing.

PER CURIAM.

We have read with care the petition for rehearing in this case, and we may state that the Court · gave especially thoughtful care to the consideration of the Circuit decree in that case, from which the appeal came to us, realizing its importance to the educational institution interested therein, and we find no reason to change the views expressed in our opinion.

In the presentation of the appeal to the Court, the counsel for both parties laid stress almost entirely upon the one question of the constitutionality of the Acts involved in the consideration of the issues. We find nothing in the petition for rehearing which causes us to change our judgment that the Circuit Court was correct in its holding that the Acts relied upon to sustain the exemption claimed by the appellant are unconstitutional. We therefore adhere to our conclusion and decision that the decision of the Circuit Court be and is affirmed.

However, it appears that the Circuit Judge did not specifically pass upon the issues made in Paragraph 15, sub-paragraphs, b, c, d, and e of the complaint, which sub-paragraphs of Paragraph 15 of the complaint are as follows:

(b) "The lien for taxes three or more years past due and ·expired prior to the attempted issuance of execution, levy and sale;

(c) "The attempted execution, levy and sale included a 10% penalty, a 5% commission to the Special Tax Collector, and a $2.00 execution cost, in violation of the law and without authority of an ordinance of the said City of Spartan-

burg, as required by Section 7470 of the Statutes at Large, Vol. 38, page 128, passed March 10, 1933;

(d) "No warrant of execution or levy was served upon the plaintiff or its tenants or occupants or its predecessors, and no one acting for or on behalf of the defendants ever levied upon or took possession of said property for and on behalf of the City of Spartanburg.

(e) "I. T. Williams issued said execution without authority of any law or ordinance."

It is therefore ordered that the case be remanded to the Circuit Court for its action insofar as these matters are concerned, and that alone.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES concur.